James Coe, Jr., B.S.E.E.
3202 Hana Road
Edison NJ 08817

October 26, 2018

Honorable Claire C. Cecchi
U.S. District Judge
50 Walnut Street
Newark NJ 07102

Re: *Coe v. Brullo,* No. 18-CV-13338 (CCC)(JBC)

Dear Judge Cecchi:

The pro se Plaintiff, respectfully submits this letter to correct several statements by Ass. U.S. Attorney Kruti Dharia.

Firstly, the Plaintiff seeks to correct the record, with regard to Fed. R. Civ. P. 4(i).

The Plaintiff did in fact serve the U.S. Attorney for the District of New Jersey, for good cause by U.S. Priority Mail Tracking # 9505 5150 2073 82472003 08.

The Plaintiff simply does not agree with the New Jersey U.S. Attorney's statement that the Plaintiff must serve the U.S. Attorney General of the United States twice.

Secondly, the pro se Plaintiff seeks to challenge any third party hearsay claim with regard to the claim that the Plaintiff personally delivered a copy of the summons and complaint to the federal employee's personal home without providing proof to all parties, this must be considered hearsay under the law of rule.

The Plaintiff did serve the Defendant by U.S. Mail Tracking No. 9505 5158 9827 8276 1207 25.

In addition, on the subject of service, please see the attachments.

I need to respectfully point out the fact, that New Jersey District Attorney's Office does an extremely poor job sending out case mail to the address of record, 3202 Hana Road, Edison NJ 08817, not the cc: address signed by Assistant U.S. Attorney Kruti Dharia, i.e. 3203 Hana Road, Edison NJ 08817.

1

In summary, the Plaintiff does however agree that the U.S. Defendant in this matter does have 60 days to answer.

Respectfully submitted.

James Coe Jr., B.S.E.E

Attachments: (4)

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

CRAIG CARPENITO
UNITED STATES ATTORNEY

*Kruti D. Dharia*
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, NJ 07102
kruti.dharia@usdoj.gov

main: (973) 645-2700
direct: (973) 645-2891

October 15, 2018

**BY ECF**
Honorable Claire C. Cecchi
U.S. District Judge
50 Walnut Street
Newark, N.J. 07101

      Re:    *Coe v. Brullo*, No. 18-CV-13338 (CCC)(JBC)

Dear Judge Cecchi:

      The Government submits this letter regarding the lack of service made in this case. The pro se Plaintiff appears to be bringing an employment action during his time as an employee of the U.S. Postal Service in 2005. The defendant here is a federal employee sued in his official capacity. Plaintiff states in his complaint that the basis for jurisdiction is that he is suing the U.S. Government. *See* ECF No. 1. Thus, service must comply with Fed. R. Civ. P. 4(i). In addition to serving the federal employee, Plaintiff must also serve the United States. *See* Fed. R. Civ. P. 4(i)(2).

      Proper service on the United States requires a party to send a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States Attorney's Office for the District of New Jersey ("USAO") and to send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. *See* Rule 4(i)(1); *see also Fominyam v. Borgen*, No. 16-CV-411, 2017 WL 1243139, at *2 (D.N.J. Jan. 20, 2017) (holding that although the plaintiff may have mailed the summons and complaint to the federal agency, service was improper because he did not serve the USAO and the Attorney General of the United States); *Machulas v. Sec'y, Dep't of Air Force*, No. 06-CV-225, 2006 WL 2927616, at *2 (D.N.J. Oct. 11, 2006) (dismissing the case for lack of service because while the pro se plaintiff mailed a copy of the summons and complaint to the federal agency, he failed to serve the USAO and the Attorney General of the United States). Here, Plaintiff failed to complete these necessary steps to effect service.

Second, it appears that Plaintiff personally delivered a copy of the summons and complaint to the federal employee's personal home. *See* ECF No. 5. Rule 4(c)(2) provides that a party may not personally effect service. "Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010); *see also Fominyam*, 2017 WL 1243139, at *2 (holding that the pro se plaintiff's attempt to serve the defendants was improper because he personally mailed the summons and complaint to the federal agency); *McCray v. Unite Here*, No. 13-CV-6540, 2015 WL 1279694, at *3 (D.N.J. Mar. 20, 2015) (concluding that service was ineffective where the pro se plaintiff mailed the summonses to the USAO himself); *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) (concluding that Rule 4 does not allow a pro se plaintiff to circumvent procedural requirements by effectuating service by certified mail himself). Accordingly, Plaintiff's attempt to serve the federal employee is improper because he failed to comply with Rule 4(c)(2).

I also respectfully note that, once Plaintiff completes service in accordance with Fed. R. Civ. P. 4(i), Defendant has sixty days from the date of service on the United States Attorney's Office to answer or otherwise respond to the complaint. *See* Fed. R. Civ. P. 12(a)(2).

Thank you for your consideration.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

s/ *Kruti Dharia*

By: Kruti D. Dharia
Assistant U.S. Attorney

cc: James Coe, 3203 Hana Road, Edison, NJ 08817 *(by mail)*

2

**From:** Mayank Trivedi <mayank@mayanktrivedi.net>
**To:** James Coe <j.coe@verizon.net>
**Subject:** Your Mail from US Justice Department
**Date:** Sun, Oct 21, 2018 4:19 pm
**Attachments:** JamesAddress1.jpg (5535K), JamesAddress2.jpg (3047K), JamesLetter.pdf (735K)

Hi Mr. Coe,

Sincere apologies at the onset to have opened a mail that was addressed to you. I received it yesterday in my mailbox and as usual thinking of it as my mail I opened it.

I assure you that I haven't read anything below the opening address on the paper, So you may consider this to be safe from any disclosure.

Since you no more live in the neighborhood, I couldn't reach out to you to handover the mail, hence I scanned the letter and the envelop and sending you this over email.

I hope that you get this email and this letter as it seems to be some important mail. You can reach back to me should you get this email and we can work a way out for me to handover this mail to you.

Regards

Mayank

2Attached Images





James Coe, Jr., B.S.E.E.
3202 Hana Road
Edison NJ 08817

October 26, 2018

Honorable Claire C. Cecchi
U.S. District Judge
50 Walnut Street
Newark NJ 07102

Re: *Coe v. Brullo,* No. 18-CV-13338 (CCC)(JBC)

Dear Judge Cecchi:

The pro se Plaintiff, respectfully submits this letter to correct several statements by Ass. U.S. Attorney Kruti Dharia.

Firstly, the Plaintiff seeks to correct the record, with regard to Fed. R. Civ. P. 4(i).

The Plaintiff did in fact serve the U.S. Attorney for the District of New Jersey, for good cause by U.S. Priority Mail Tracking # 9505 5150 2073 82472003 08.

The Plaintiff simply does not agree with the New Jersey U.S. Attorney's statement that the Plaintiff must serve the U.S. Attorney General of the United States twice.

Secondly, the pro se Plaintiff seeks to challenge any third party hearsay claim with regard to the claim that the Plaintiff personally delivered a copy of the summons and complaint to the federal employee's personal home without providing proof to all parties, this must be considered hearsay under the law of rule.

The Plaintiff did serve the Defendant by U.S. Mail Tracking No. 9505 5158 9827 8276 1207 25.

In addition, on the subject of service, please see the attachments.

I need to respectfully point out the fact, that New Jersey District Attorney's Office does an extremely poor job sending out case mail to the address of record, 3202 Hana Road, Edison NJ 08817, not the cc: address signed by Assistant U.S. Attorney Kruti Dharia, i.e. 3203 Hana Road, Edison NJ 08817.

1

In summary, the Plaintiff does however agree that the U.S. Defendant in this matter does have 60 days to answer.

Respectfully submitted.

James Coe Jr., B.S.E.E

Attachments: (4)

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

CRAIG CARPENITO
UNITED STATES ATTORNEY

*Kruti D. Dharia*
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, NJ 07102
kruti.dharia@usdoj.gov

main: (973) 645-2700
direct: (973) 645-2891

October 15, 2018

**BY ECF**
Honorable Claire C. Cecchi
U.S. District Judge
50 Walnut Street
Newark, N.J. 07101

      Re:   *Coe v. Brullo*, No. 18-CV-13338 (CCC)(JBC)

Dear Judge Cecchi:

    The Government submits this letter regarding the lack of service made in this case. The pro se Plaintiff appears to be bringing an employment action during his time as an employee of the U.S. Postal Service in 2005. The defendant here is a federal employee sued in his official capacity. Plaintiff states in his complaint that the basis for jurisdiction is that he is suing the U.S. Government. *See* ECF No. 1. Thus, service must comply with Fed. R. Civ. P. 4(i). In addition to serving the federal employee, Plaintiff must also serve the United States. *See* Fed. R. Civ. P. 4(i)(2).

    Proper service on the United States requires a party to send a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States Attorney's Office for the District of New Jersey ("USAO") and to send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. *See* Rule 4(i)(1); *see also Fominyam v. Borgen*, No. 16-CV-411, 2017 WL 1243139, at *2 (D.N.J. Jan. 20, 2017) (holding that although the plaintiff may have mailed the summons and complaint to the federal agency, service was improper because he did not serve the USAO and the Attorney General of the United States); *Machulas v. Sec'y, Dep't of Air Force*, No. 06-CV-225, 2006 WL 2927616, at *2 (D.N.J. Oct. 11, 2006) (dismissing the case for lack of service because while the pro se plaintiff mailed a copy of the summons and complaint to the federal agency, he failed to serve the USAO and the Attorney General of the United States). Here, Plaintiff failed to complete these necessary steps to effect service.

Second, it appears that Plaintiff personally delivered a copy of the summons and complaint to the federal employee's personal home. *See* ECF No. 5. Rule 4(c)(2) provides that a party may not personally effect service. "Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010); *see also Fominyam*, 2017 WL 1243139, at *2 (holding that the pro se plaintiff's attempt to serve the defendants was improper because he personally mailed the summons and complaint to the federal agency); *McCray v. Unite Here*, No. 13-CV-6540, 2015 WL 1279694, at *3 (D.N.J. Mar. 20, 2015) (concluding that service was ineffective where the pro se plaintiff mailed the summonses to the USAO himself); *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) (concluding that Rule 4 does not allow a pro se plaintiff to circumvent procedural requirements by effectuating service by certified mail himself). Accordingly, Plaintiff's attempt to serve the federal employee is improper because he failed to comply with Rule 4(c)(2).

I also respectfully note that, once Plaintiff completes service in accordance with Fed. R. Civ. P. 4(i), Defendant has sixty days from the date of service on the United States Attorney's Office to answer or otherwise respond to the complaint. *See* Fed. R. Civ. P. 12(a)(2).

Thank you for your consideration.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

By: s/ *Kruti Dharia*
Kruti D. Dharia
Assistant U.S. Attorney

cc: James Coe, 3203 Hana Road, Edison, NJ 08817 *(by mail)*

2

**From:** Mayank Trivedi <mayank@mayanktrivedi.net>
**To:** James Coe <j.coe@verizon.net>
**Subject:** Your Mail from US Justice Department
**Date:** Sun, Oct 21, 2018 4:19 pm
**Attachments:** JamesAddress1.jpg (5535K), JamesAddress2.jpg (3047K), JamesLetter.pdf (735K)

Hi Mr. Coe,

Sincere apologies at the onset to have opened a mail that was addressed to you. I received it yesterday in my mailbox and as usual thinking of it as my mail I opened it.

I assure you that I haven't read anything below the opening address on the paper, So you may consider this to be safe from any disclosure.

Since you no more live in the neighborhood, I couldn't reach out to you to handover the mail, hence I scanned the letter and the envelop and sending you this over email.

I hope that you get this email and this letter as it seems to be some important mail. You can reach back to me should you get this email and we can work a way out for me to handover this mail to you.

Regards

Mayank

2Attached Images



