

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

| | | |
|---|---|---|
| CRAIG CARPENITO<br>UNITED STATES ATTORNEY<br><br>*Kruti D. Dharia*<br>*Assistant United States Attorney* | *970 Broad Street, Suite 700*<br>*Newark, NJ 07102*<br>kruti.dharia@usdoj.gov | *main: (973) 645-2700*<br>*direct:(973) 645-2891* |

November 16, 2018

**BY ECF**
Honorable Claire C. Cecchi
U.S. District Judge
50 Walnut Street
Newark, N.J. 07101

      Re:    *Coe v. Brullo*, No. 18-CV-13338 (CCC)(JBC)

Dear Judge Cecchi:

      The Government submits this letter in response to Plaintiff's letter filed on October 29, 2018. *See* ECF No. 8. Plaintiff alleges that he personally sent the United States Attorney's Office for the District of New Jersey ("USAO") a copy of the summons and complaint by U.S. Priority mail, but this is not proper service under the Federal Rules. As we informed Plaintiff on October 15, 2018, *see* ECF No. 7, proper service on the United States requires a party to send a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States Attorney's Office for the District of New Jersey ("USAO") and to send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. *See* Rule 4(i)(1).

      The USAO has no record, and no reason to believe, that Plaintiff sent a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the USAO. Second, Plaintiff admits that he has not sent a copy of the summons and complaint to the Attorney General of the United States. *See Thomas v. United States*, No. 05-CV-332, 2007 WL 3231786, at *4 (D.N.J. Oct. 30, 2007) (dismissing the pro se plaintiff's complaint for lack of proper service in part because the plaintiff failed to serve the Attorney General of the United States).

      More importantly, Plaintiff alleges that he personally mailed the summons and complaint to the USAO. *See* ECF No. 2 at p.2. Rule 4(c)(2) provides that a party may not personally effect service. "Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010); *see also Dougherty v. Dupes*,

No. 17-CV-01541, 2018 WL 1696651, at *8 (M.D. Pa. Apr. 6, 2018) (holding that there has been no service of process when the pro se party mailed the complaint himself); *Fominyam v. Borgen*, No. 16-CV-411, 2017 WL 1243139, at *2 (D.N.J. Jan. 20, 2017) (holding that the pro se plaintiff's attempt to serve the defendants was improper because he personally mailed the summons and complaint to the federal agency); *McCray v. Unite Here*, No. 13-CV-6540, 2015 WL 1279694, at *3 (D.N.J. Mar. 20, 2015) (concluding that service was ineffective where the pro se plaintiff mailed the summonses to the USAO himself); *Thomas*, 2007 WL 3231786, at *4 (dismissing the pro se complaint when the plaintiff did not effectuate service by a non-party); *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) (concluding that Rule 4 does not allow a pro se plaintiff to circumvent procedural requirements by effectuating service by certified mail himself). In light of these facts, Plaintiff's attempt to serve the United States is improper because he failed to comply with Rule 4(c)(2).

I also respectfully note that, once Plaintiff completes service in accordance with Fed. R. Civ. P. 4(i), the Government has sixty days from the date of service on the United States Attorney's Office to answer or otherwise respond to the complaint. *See* Fed. R. Civ. P. 12(a)(2).

Thank you for your consideration.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

s/ *Kruti Dharia*
By: Kruti D. Dharia
Assistant U.S. Attorney

cc: James Coe, 3202 Hana Road, Edison, NJ 08817 (by mail)