UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JAMES COE,** | : | Civil Action No. 18-13338 (JXN) |
| **Plaintiff,** | : | |
| v. | : | REPORT & RECOMMENDATION |
| **ANTHONY BRULLO,** | : | |
| **Defendant.** | : | |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a Motion by Defendant Anthony Brullo ("Defendant" or "Brullo") to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 41]. Plaintiff James Coe ("Plaintiff" or "Coe"), appearing *pro se*, filed an opposition to Defendant's Motion. [ECF No. 50]. Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Julian Xavier Neals, U.S.D.J., referred the present Motion to the Undersigned for Report and Recommendation. Having considered the parties' written submissions pursuant to Federal Rule of Civil Procedure 78, for good cause shown, and for the reasons set forth herein, it is respectfully recommended that Defendant's motion to dismiss [ECF No. 41] be **GRANTED.**

**I.   BACKGROUND**

On or about August 27, 2018, Plaintiff initiated this action by filing a Complaint in this Court. *See* ECF No. 1 ("Compl."). On September 18, 2018, Plaintiff filed a motion for summary judgment. [ECF No. 4]. On October 4, 2018, Defendant filed a Motion to Dismiss. [ECF No. 5]. On November 15, 2018, the Court dismissed Plaintiff's motion for summary judgment as premature. [ECF No. 9].[1] On December 27, 2018, Plaintiff filed an application to proceed *in forma*

---

[1] Plaintiff made two subsequent attempts to file motions for summary judgment [*see* ECF Nos. 28 and 42], which were both denied without prejudice by the Court for being premature. [*See* ECF Nos. 29 and 44].

1

*pauperis* [ECF No. 14], and on January 3, 2019, Plaintiff filed an amended complaint [ECF No. 15 ("Am. Compl.")]. On October 18, 2019, Defendant filed a motion to dismiss Plaintiff's amended complaint. [ECF No. 27]. On June 29, 2020, the Court issued an order granting Plaintiff's application to proceed *in forma pauperis* and administratively terminating Defendant's motion to dismiss pending the opportunity for Plaintiff to properly effectuate service on Defendant. *See* ECF No. 34. After service was properly effectuated on or about September 2020, Defendant filed a renewed motion to dismiss the amended complaint on October 1, 2020 [ECF No. 41], which Plaintiff opposed [ECF No. 50].

In his amended complaint, which is largely duplicative of his original complaint, Plaintiff alleges that on April 1, 2005, the United States Postal Service ("USPS") placed him on "emergency off-duty suspension without pay for insubordination." Am. Compl., p. 6. Specifically, Plaintiff alleges the following events occurred:

> SDO Anthony Brullo instructed Mr. Coe to work lane 6 after break in front of MDO Szpyhulsky soon after the MDO left – you approached me and stated "you followed me into the bathroom" SDO Anthony Brullo responded by telling Mr. Coe to work the mail – SDO Anthony Brullo walked away came back later and again Mr. Coe stated to me "you followed me into the bathroom" – SDO Anthony Brullo said work the mail again, Mr. Coe stated "you followed me into the bathroom" – SDO Anthony Brullo called MDO Szphulsky (SDO Brullo's Boss) over to the section and you declined to answer. SDO Anthony Brullo then locked Mr. Coe inside the office. SDO Anthony Brullo then made a 911 CALL to the Edison NJ Police claiming Mr. Coe was making Terrorist Threats inside the General Mail Facility. Officer Tortoriello, said by law, the SWAT Team had to remove Mr. Coe from the building. Officer Tortoriello thanked me for my service and escorted Mr. Coe from P&DC at 21 Kilmer Road Edison 08899.

*See id.*, pp. 6-7.

Based on this statement of facts, Plaintiff seeks "Back Pay with interest, and full employee benefits to retirement at 66." *Id.*, p.7. Plaintiff further seeks compensatory damages and punitive damages as the Court may grant. *Id.*

2

In Defendant's motion to dismiss, he presents four arguments for why Plaintiff's amended complaint should be dismissed under Fed. R. Civ. P. 12(b)(6): (1) Plaintiff has not stated a cognizable claim for relief; (2) Plaintiff failed to exhaust his administrative remedies; (3) Plaintiff failed to timely commence this lawsuit; and (4) the equitable defense of laches bars Plaintiff's lawsuit. *See* ECF No. 41.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" to withstand a motion to dismiss pursuant to Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotations and citations omitted). Accordingly, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In assessing the sufficiency of a complaint, the Court must separate factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). The Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* "Mere restatements of the elements of a claim are not entitled to the assumption of truth." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (citation and editorial marks omitted). "Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if

the facts alleged do not state 'a legally cognizable cause of action.'" *Rollins on behalf of Estate of Salaam v. City of Newark*, No. 18-14473, 2020 WL 1528035, at *2 (D.N.J. Mar. 31, 2020).

Generally, the Court "cannot consider matters extraneous to the pleadings" in ruling on a motion to dismiss; however, the Court may consider a "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quotations and citation omitted). This may include any "exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). For example, in the context of employment discrimination suits, courts have considered right to sue notices and EEOC charges without converting the motion to one for summary judgment. *See Hilburn v. Dep't of Corr.*, No. 07–6064, 2010 WL 703202, at *12 (D.N.J. Feb. 23, 2010). Accordingly, the Court in its discretion will consider similar materials, which are integral to Plaintiff's Amended Complaint, without converting the motion to one for summary judgment. *See id.*

Additionally, the Court will construe Plaintiff's pleadings liberally and hold them to a less stringent standard than those filed by attorneys because Plaintiff is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10–4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Even "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4

### III.   DISCUSSION

#### A.  Plaintiff's Compliance with Rule 8(a)(2)

First, Defendant asserts the Court should dismiss Plaintiff's amended complaint because it does not comply with Fed. R. Civ. P. 8(a)(2) which requires that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." ECF No. 41-1, p. 7. In other words, the complaint must contain "'enough factual matter (taken as true)'" to establish the required elements of a claim. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). This requirement provides the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests. ECF No. 41-1, p. 2 (citing *Twombly*, 550 U.S. at 555).

Defendant avers Plaintiff "cites to no statutory authority for his claim," nor does he explain "why he is entitled to any loss of wages and employee benefits." *Id.* After reviewing Plaintiff's amended complaint, the Undersigned agrees with Defendant, finding that the facts set forth in Plaintiff's amended complaint are hard to follow and do not explain what legal wrong, if any, was committed by Defendant. Additionally, Plaintiff does not cite to any statute or other legal authority when requesting the relief of "Back Pay" and "full employee benefits to retirement." In all, the amended complaint does not provide fair notice to Defendant of what Plaintiff's claim is and therefore fails to comply with Fed. R. Civ. P. 8(a)(2). Thus, the Undersigned recommends that the Honorable Julien Xavier Neals, U.S.D.J., dismiss Plaintiff's amended complaint for failure to satisfy the pleading standard under Fed. R. Civ. P. 8(a)(2).

#### B.  Exhaustion of Administrative Remedies and the Timeliness of Plaintiff's Lawsuit

Even if Judge Neals finds that Plaintiff has complied with Fed. R. Civ. P. 8(a)(2), or finds that such noncompliance warrants dismissal of Plaintiff's suit without prejudice for leave to file

an amended complaint, the Undersigned recommends that this suit be dismissed with prejudice for Plaintiff's failure to exhaust his administrative remedies and his failure to timely file the lawsuit.

As noted, Plaintiff does not explicitly state under what legal authority he is seeking relief. However, in his motion to dismiss, Defendant assumes Plaintiff is seeking relief under federal employment discrimination laws, *see* ECF No. 41-1, p. 8, and Plaintiff does not rebut this assumption in his opposition. *See* ECF No. 50.[2] Because Plaintiff was an employee of a federal agency, the USPS, he may seek back pay via two methods: (1) he can pursue a Title VII action or (2) he can appeal an adverse employment action to the Merit Systems Protection Board ("MSPB") under the Civil Service Reform Act. *See* 5 U.S.C. § 1101 *et seq.*; 5 C.F.R. § 1201.1 *et seq.*; 39 U.S.C. § 1105(a). However, he cannot pursue a claim in both fora. *See* 29 C.F.R. § 1614.302(b).

In his amended complaint, Plaintiff does not indicate whether he filed an appeal with MSPB or a formal complaint with the Equal Employment Opportunity Commission ("EEOC"). Defendant, however, annexes to his motion to dismiss the Declaration of Marissa Haley, dated October 18, 2019, which outlines Plaintiff's Equal Employment Opportunity ("EEO") history. *See* ECF No. 41-2 ("Haley Decl."). As stated in the Standard of Review section *supra*, the Court may properly rely on this Declaration since Plaintiff does not dispute its authenticity and it appears to be integrally related to Plaintiff's claims as set forth in his amended complaint. *See Pension Benefit Guar. Corp.*, 998 F.2d at 1196; *see also Smith v. Pullman*, 420 F. App'x 208, 213 (3d Cir. 2011); *Hilburn*, No. 07–6064, 2010 WL 703202, at *12.

---

[2] Indeed, Plaintiff's opposition does not address any of the arguments set forth in Defendant's motion to dismiss, instead noting that Defendant did not answer the amended complaint and seeking relief based on a citation to "New Jersey Appeal Tribunal Docket #85,928." ECF No. 50. Regarding Plaintiff's first argument, the Court notes that Fed. R. Civ. P. 12(b) requires a defendant to file a motion to dismiss for the reasons listed in Rule 12(b) prior to filing an answer to the complaint; thus, Defendant's obligation to answer the complaint was stayed pending a decision on the instant motion to dismiss. Regarding Plaintiff's reference to the New Jersey Appeal Tribunal, Plaintiff did not explain this citation or attach a copy of the document, thus providing an insufficient basis of opposition to Defendant's motion to dismiss.

The Declaration notes that Plaintiff has filed four EEO cases with the USPS, two of which "were initiated and closed before the incident alleged in the amended complaint." Haley Decl., ¶¶ 3-4. Regarding the other two, EEO case numbers 1A-089-0015-05 and 1A-089-0012-06, the Declaration states:

> 5. According to the summary of EEO case number 1A-089-0015-05, the claims appear to relate to working conditions (pre-disciplinary interviews) on March 15, 2005; Emergency Placement in off-duty Status on March 31, 2005; and sexual harassment on March 31, 2005. *See* Exh. A.
>
> 6. EEO case number 1A-089-0012-06 appears to reference the suspension/Emergency Placement from EEO case number 1A-089-0015-005. *See* Exh. B.
>
> 7. On June 23, 2006, the [USPS] issued a final interview notice in EEO case number 1A-089-0012-06 informing Plaintiff that his initial contact was beyond 45 days of when Plaintiff learned of the alleged discriminatory acts. *See* Exhibit E. The letter informed Plaintiff of his right to file a formal EEO complaint within 15 days upon receipt of the letter and warned that the failure to file a formal complaint within 15 days may result in the dismissal of the complaint. *See id.*
>
> 8. Plaintiff did not file a formal EEO complaint in EEO case number 1A-089-0012-06.
>
> 9. According to the summary of EEO case number 1A-089-0015-05, a final agency decision on the merits in EEO case number 1A-089-0015-05 was issued on December 22, 2006. *See* Exh. A.
>
> 10. Plaintiff sent a letter, dated March 5, 2007, to the [EEOC's] Office of Federal Operations ("OFO"). *See* Exhibit F. Although the subject line of the letter references EEO case number 1A-089-0015-05, the letter complained about the [USPS]'s processing of EEO case number 1A-089-0012-06. *See id.* OFO assigned his letter as appeal number 0120072196. *See* Exhs. A-B.
>
> 11. On March 19, 2008, OFO dismissed Plaintiff's appeal number 0120072196 in EEO case number 1A-089-0012-06 because Plaintiff never filed a formal complaint. *See* Exhibit G.

Haley Decl., ¶¶ 5-11.

It is well settled that a plaintiff "must exhaust all required administrative remedies before bringing a claim for judicial relief." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) (citing *McKart v. United States*, 395 U.S. 185, 193 (1969)). Under Title VII of the Civil Rights Act of 1964, a plaintiff has to pursue the applicable EEO procedures before he can bring a federal lawsuit. *See* 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.101 *et seq.*

Among other steps, a plaintiff must contact an EEO counselor within 45 days of the alleged discriminatory action, *see* 29 C.F.R. § 1614.105(a)(1), file a formal EEO complaint within 15 days of receiving the notice of right to file a complaint, *see* 29 C.F.R. § 1614.106(b), and file a civil action in federal district court within 90 days of receipt of the agency's final decision if no appeal is taken, *see* 29 C.F.R. § 1614.407. Alternatively, a plaintiff may appeal the agency's final decision to the EEOC within 30 days of receipt, *see* 29 C.F.R. §§ 1614.401(a), 1614.402(a), and then file a civil action in the district court within 90 days of receipt of the EEOC's final decision of an appeal. *See* 29 C.F.R. § 1614.407; *see also Cho v. Chao*, No. 16-cv-2793 (CCC), 2018 WL 1087499, at *2 (D.N.J. Feb. 28, 2018). These deadlines function as a statute of limitations, and once expired, generally bar a plaintiff from seeking judicial review. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990); *Winder v. Postmaster Gen. of U.S.*, 528 F. App'x 253, 255 (3d Cir. 2013) (noting that the failure to bring a claim within the EEO limitations period generally bars relief).

As noted by Defendant in his motion to dismiss and corroborated by the Haley Declaration:

> In EEO case number 1A-089-0012-06, on June 23, 2006, the Postal Service informed Plaintiff that he did not contact an EEO counselor within 45 days of the alleged discriminatory action, as required under 29 C.F.R. § 1614.105(a)(1), and issued Plaintiff a notice of right to file a formal complaint. *See* [Haley Decl.] ¶ 7, Ex. E. The Postal Service warned Plaintiff that the failure to file a formal EEO complaint within 15 days might result in the dismissal of his case. *See id.*; *see also* 29 C.F.R. § 1614.106(b). However, Plaintiff did not file a formal EEO complaint within 15 days of receiving this notice. *See* Haley Decl. ¶ 8. Instead, on or about March 5, 2007, Plaintiff sent a letter to the

8

> [EEOC's] Office of Federal Operations ("OFO"), appealing the [USPS's] decision in EEO case number 1A-089-0012-06. *See id.* ¶ 10, Ex. F. OFO dismissed the appeal on March 19, 2008 for lack of jurisdiction because Plaintiff never filed a formal EEO complaint. *See id.* ¶ 11, Ex. G.

ECF No. 41-1, pp. 6-7.

Because Plaintiff never filed a formal EEO complaint in EEO case number 1A-089-0012-06, he is barred from seeking judicial relief because he has failed to exhaust his administrative remedies. *See* 29 C.F.R. § 1614.106(b); *see also Johnson v. Gober*, 83 F. App'x 455, 460 (3d Cir. 2003) (affirming dismissal of Title VII claim because the plaintiff never filed a formal complaint); *Green v. Potter*, 687 F. Supp. 2d 502, 514 (D.N.J. 2009), *aff'd sub nom.*, 437 F. App'x 174 (3d Cir. 2011). For this reason, the Undersigned recommends that Judge Neals dismiss Plaintiff's current action with prejudice.

Defendant's motion to dismiss further addresses the issue of timeliness with respect to Plaintiff's case number 1A-089-0015-05, noting that:

> [T]he [USPS] issued a final agency decision on the merits on December 22, 2006. *See* Haley Decl. ¶ 9, Ex. A. Under the governing regulation, *see* 29 C.F.R. § 1614.407, Plaintiff had ninety days from the receipt of the December 22, 2006 final agency decision– that is, until approximately March 22, 2007, to bring suit in federal district court regarding the issues in EEO case 1A-089-0015-05.

Because Plaintiff did not file this civil action until August 27, 2018, more than ten years after the expiration of this deadline, the Undersigned also recommends that Judge Neals dismiss Plaintiff's case with prejudice as untimely. *See Stevenson v. U.S. Postal Serv.*, 316 F. App'x 145, 148 (3d Cir. 2009) (affirming dismissal of claims that were not filed in district court within 90 days of the final agency decision); *Handle v. Brennan*, No. 15-cv-8071, 2018 WL 2002798, at *4 (D.N.J. Apr. 30, 2018); *Marley v. Donahue*, 133 F. Supp. 3d 706, 716-717 (D.N.J. 2015). Even

with the most generous reading of the Title VII statute of limitations and taking into account Plaintiff's *pro se* status, Plaintiff waited far too long to initiate this action.[3]

### IV.  CONCLUSIONS

In light of the foregoing, and the Court having considered this matter pursuant to Fed. R. Civ. P. 78;

**IT IS** on this 9th day of June, 2022

**RECOMMENDED** that Defendant's Motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 41] be **GRANTED** and Plaintiff's claims be dismissed with prejudice; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

                                                    s/ James B. Clark, III
                                                    **JAMES B. CLARK, III**
                                                    **United States Magistrate Judge**

---

[3] Because the Undersigned finds that there are independently sufficient grounds to recommend dismissal of Plaintiff's claims, the Undersigned declines to address Defendant's invocation of the equitable defense of laches.